UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MICHAEL HENRY LOTTO | : CASE NO. 24-30774-AMN |
| | : |
| Debtor. | : November 12, 2024 |

**MOTION TO DISMISS CHAPTER 13 CASE**

    Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") represents that the above-captioned Debtor ("Debtor") has failed to properly prosecute this bankruptcy case in one or more of the following respects. The Trustee seeks dismissal of the case for cause pursuant to 11 U.S.C. Sections 305(a) and 1307(c) based on the deficiencies indicated below.

    If the deficiencies set out below are remedied and the case is not dismissed, notice is hereby given to the Debtor that the Trustee may also seek dismissal of the Chapter 13 case at the hearing on confirmation of the Debtor's Chapter 13 plan. If the Debtor cannot confirm a plan for any reason, then the Trustee will request at the confirmation that the case be dismissed under 11 U.S.C. Section 1307(c)(5).

1. I reviewed the files and records of the office of the Standing Chapter 13 Trustee for the District of Connecticut made and kept in the usual and ordinary course of its business. The records were made at or near the time of the events they record by someone with knowledge of the events they record.

2. I rely on those records in making the following statements.

3. <u>The Debtor has failed to maintain plan payments</u>: Section 1326(a) of the Bankruptcy Code requires the Debtor to start making plan payments within 30 days of the time (s)he filed the plan or the case, whichever is earlier. The Debtor filed this case on August 24, 2024 and a Plan (ECF No. 24, the "Plan") on September 7, 2024. The Debtor should have paid a total of $11,264.18. To date, the Debtor is overdue in the amount of $11,264.18. Given the failure to make payments, it appears that the Debtor will be unable to comply with 11 U.S.C. §1325(a)(6) by making all payments and complying with the Plan. A report of receipts to date from the Trustee's system is attached.

   Receipts and Debtor Refunds for Case 2430774   Debtor: LOTTO, MICHAEL HENRY

   | Date | Period | Transaction Type | Source | Check/MO# | Receipt | Refund |
   |---|---|---|---|---|---|---|
   | | | | | | | |

4. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:

    a. Schedules A/B amended to show second Chime account and One Finance Inc account;
    b. Payment advices or other evidence of income received for the six months prior to filing;
    c. The Debtor's 2022 state tax income tax returns for the two years prior to filing;
    d. Valuation of potential claim against Connecticut State Police.

5. <u>The Debtor has failed to complete a properly noticed first meeting of creditors pursuant to Section 341 of the Bankruptcy Code.</u>

I declare under penalty of perjury that the information contained in the foregoing **numbered** paragraphs is true and correct. Executed on November 12, 2024.

6. <u>The Plan does not conform to the claims filed</u>.

    a. The Plan proposes to cure the default in the loan payable to Selene Finance, LP by paying $123,813.50; according to Proof of Claim No. 13, the arrearage is $202,424.79.

7. <u>The Plan fails to comply with 11 U.S.C. §1325(a)(4) and provide for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>. The Plan proposes payments of $24,186.89 to unsecured non-priority creditors, resulting in a dividend of approximately 41 percent to the filed unsecured non-priority claims totaling $55,855.72.

8. <u>The Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code.</u> The Debtor's excess income over expenses, according to Schedules I and J, is $2,658.37. A plan curing the mortgage arrearage and paying the proposed, and insufficient, dividend would require a monthly payment of at least $4,195.47 over a period of 60 months.

9. <u>The Debtor did not serve the Plan on all creditors, in violation of Rule 3015(d) of the Federal Rules of Bankruptcy Procedure.</u>

    Wherefore, the Trustee requests that the court dismiss the case, unless the indicated defects are cured prior to any hearing on this motion.

                                                  */s/ Roberta Napolitano, Trustee*
                                                 Roberta Napolitano, Trustee
                                                 Chapter 13 Standing Trustee
                                                 10 Columbus Blvd., 6th Floor
                                                 Hartford, CT 06106
                                                 Tel: (860) 278-9410
                                                 Email: rnapolitano@ch13rn.com
                                                 Federal Bar No.: tr0837813

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE: : CHAPTER 13
MICHAEL HENRY LOTTO : CASE NO. 24-30774-AMN
:
    Debtor. : November 12, 2024

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Motion to Dismiss with proposed order

1. **Parties Served Via First Class Mail:**
   Debtor(s):
   MICHAEL HENRY LOTTO
   9 N BANK STREET
   NEW HAVEN, CT 06511-2519

2. **Parties Served Electronically Include:**
   Patrick Crook    pcrook@ch13rn.com
   Michael J. Habib    mike@inzitarilawoffice.com,
   mike.inzitarilawoffice.com@recap.email
   Roberta Napolitano    notices@ch13rn.com, rnapolitano13@ecf.epiqsystems.com
   Linda St. Pierre    bankruptcyecfmail@mccalla.com,
   Linda.St.Pierre@mccalla.com;mccallaecf@ecf.courtdrive.com
   U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV

                               */s/ Roberta Napolitano*
                               Roberta Napolitano
                               Chapter 13 Standing Trustee
                               10 Columbus Blvd., 6th Floor
                               Hartford, CT 06106
                               Tel: (860) 278-9410
                               Email: rnapolitano@ch13rn.com
                               Federal Bar No.: tr0837813

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MICHAEL HENRY LOTTO | : CASE NO. 24-30774-AMN |
| | : |
| Debtor. | : |

PROPOSED ORDER GRANTING TRUSTEE'S MOTION TO DISMISS CASE FOR FAILURE TO MAKE PLAN PAYMENTS AND INABILITY TO PROPOSE A FEASIBLE PLAN

On November 12, 2024, Roberta Napolitano, the Chapter 13 trustee (the "Trustee") filed a Motion to Dismiss the Debtors' case (the "Motion to Dismiss," ECF No. __). The Motion to Dismiss sets forth several bases for dismissal of this case, including that: (i) the Debtors have failed to maintain preconfirmation payments under the terms of their proposed plan (the "Plan," ECF No. 24) demonstrating inability to comply with 11 U.S.C. §1325(a)(6); (ii) the Plan does not conform to filed proofs of claim in that it overstates the amount of general unsecured debt and understates the amount of secured debt; (iii) the Plan is not feasible under 11 U.S.C. § 1325(a)(6) because the Debtor's excess income over expenses is $5,000.00 and a confirmable plan would require a monthly payment of at least $5,000.00 over a period of 60 months; and (iv) the Debtor failed to serve the Plan on all creditors as required by Fed. R Bankr. P. 3015(d).

On _____, a hearing was held on the Motion to Dismiss. Accordingly, pursuant to 11 U.S.C. § 1307(c), for the reasons set forth in the Motion to Dismiss and during the hearing, it is hereby:

ORDERED: the motion is GRANTED and the case is DISMISSED.