UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| MICHAEL HENRY LOTTO, | : | Case No. 24-30774 (AMN) |
| | : | |
| Debtor | : | |
| | : | |
| MICHAEL HENRY LOTTO | : | Adv. Pro. No. 24- |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST; SELENE FINANCE LP; DISCOVER BANK | : | |
| | : | |
| Defendants. | : | |
| | : | November 21, 2024 |

**ADVERSARY COMPLAINT**

**COMES NOW**, the debtor and Plaintiff in the above-captioned action, **MICHAEL HENRY LOTTO**, and hereby brings this adversary proceeding by this *Adversary Complaint*, pursuant to *Fed. R. Bankr. P.* 7001(2), (7), (8) & (9), and alleges as follows:

**I. JURISDICTION**

1. This is an adversary proceeding in which the Plaintiff is seeking to determine the validity, priority, and extent of a lien, valuation of the real property of the estate, to "strip" junior liens to the extent they are not supported by equity in the property, pursuant to 11 U.S.C. § 506(a) and (d), and for injunctive, equitable, and/or declaratory relief, and for such other and further relief as is

- 1 -

just and proper.

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. The matters set-forth in *Counts One, Two, & Three* are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

4. The matters set-forth in *Counts Four & Five* are non-core proceedings pursuant to 28 U.S.C. § 157(c) as those Counts set forth claims for relief under the common law and statutes of the State of Connecticut and are related to a case under Title 11.

5. The Debtor resides in the City of New Haven, New Haven County, Connecticut, and the Debtor does not constitute a "single asset real estate" as that term is defined in 11 U.S.C. § 101.

6. Venue of the Debtor's Chapter 13 case and this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 & 1409, as the Plaintiff resides in and the property that is the subject of this adversary complaint is located in New Haven, Connecticut.

## II. PARTIES

7. At all times relevant hereto and mentioned herein, Plaintiff **MICHAEL HENRY LOTTO** is and was a natural person residing at 9 N Bank Street, New Haven, Connecticut.

8. At all times relevant hereto and mentioned herein, Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** is and was a federally chartered national bank with its headquarters at 1011 Centre Rd., Ste. 203, Wilmington, DE 19805.

9. At all times relevant hereto and mentioned herein, Defendant **SELENE FINANCE LP** is

and was a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 3501 Olympus Blvd., Ste. 500, Dallas, TX 75019.

10. At all times relevant hereto and mentioned herein, Defendant **DISCOVER BANK** is and was a commercial banking corporation organized and existing under the laws of the State o f Delaware, with its principal place of business at 502 East Market St., Greenwood, DE 19950.

### III. FACTS AND BACKGROUND

11. On August 24, 2024, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, and Roberta Napolitano was appointed Chapter 13 Trustee.

12. The debtor has owned the property at 9 North Bank Street in New Haven, Connecticut since approximately 1989.

*a. Property Valuation*

13. In September 2003, the debtor applied for and was granted a building permit to construct a three-story, approximately 3,400 ft.$^2$ addition and garage behind and attached to the existing approximately 2,400 ft.$^2$ house.

14. Beginning in 2003, through approximately 2014, the debtor began and continued to construct said addition to the property, on his own and without the services of a contractor.

15. In March 2014, the City of New Haven cancelled the building permit that was issued in September 2003, under the false and fabricated pretext that construction work had been suspended or abandoned for more than 6 months. (**Exhibit A**)

16. In August 2014, the City of New Haven cited the Debtor for alleged unpermitted electrical work in the unfinished rear addition, and the City of New Haven recorded on the land records a

letter to notify the public of the unpermitted electrical work.  (**Exhibit B**)

17. In February 2015, the City of New Haven cited the Debtor for numerous alleged building code violations regarding the rear addition, and the City of New Haven recorded a letter to that same effect on the land records.  (**Exhibit C**)

18. As a result, the entirety of the 3 story, approximately 3,400 ft.$^2$ rear addition is unpermitted, non-conforming to both the building code and zoning code, has not been inspected, and does not have a certificate of occupancy.

*b. Mortgage*

19. In December 2011, the debtor executed a mortgage loan modification under the Home Affordable Modification Program (HAMP), pursuant to which the outstanding principal balance on the Note was adjusted to $291,621.51, of which $53,600.00 is deferred <u>without</u> interest until November 2051, leaving an "Interest Bearing Principal Balance" of $238,021.51 at a fixed interest rate of 2.000%.  (**Exhibit D**)

20. The December 2011 mortgage loan modification was recorded on the Land Records of the City of New Haven, at Volume 8782, Pages 113–22, by which defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** claims an interest in the property of the bankruptcy estate.

21. A mortgage statement dated 4/16/2015 and received by the debtor from Chase, the prior owner of the debtor's mortgage, accurately reflects an "Unpaid Principal Balance" of <u>$220,792.47</u>, a "Deferred Principal Balance" of $53,600.00, and a monthly interest payment of $362.66, which upon information and belief is consistent with a 2.000% interest rate on a principal balance of

$220,792.47.  (**Exhibit E**)

22. A mortgage statement dated September 07, 2024 and received by the debtor from defendant **SELENE FINANCE LP**, incorrectly reflects an "Outstanding Principal Balance" of $272,363.17, which is $51,570.70 **higher** than the "Outstanding Principal Balance" over 9 years prior in April 2015, a "Deferred Balance" of $0.00, and a monthly interest payment of $402.13, which upon information and belief is consistent with a 2.000% interest rate on a principal balance of $272,363.17.  (**Exhibit F**)

23. Upon information and belief, at some point presently unknown with further specificity but after April 2015, defendant **SELENE FINANCE LP** and/or defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** capitalized the non-interest-bearing deferred balance into the interest-bearing principal balance, and began charging interest on the total balance, including charging interest on the non-interest-bearing deferred balance.

24. The debtor's December 2011 loan modification does not contain a provision permitting the non-interest-bearing deferred principal balance to be capitalized into the interest-bearing principal balance nor permitting interest to be charged on the deferred principal balance.

*c. Subordinate Lien*

25. On or about March 17, 2023, the Connecticut Superior Court for the Judicial District of New Haven at New Haven entered a money judgment against the debtor in the amount of $5,779.72, in favor of defendant **DISCOVER BANK**.

26. On July 31, 2023, defendant **DISCOVER BANK** caused to be recorded on the Land Records of the City of New Haven, at Volume 10566, Page 258, a copy of said judgment,

encumbering the debtor's real property, and by which defendant **DISCOVER BANK** claims an interest in the property of the bankruptcy estate.

## IV. CAUSES OF ACTION

COUNT ONE: *Determination of Validity, Extent, or Priority of a Lien*

27. Paragraphs 1 through 26 are hereby incorporated by reference into this Count as if fully recited and restated herein.

28. On August 26, 2024, the debtor filed his Schedules of Assets and Liabilities (ECF # 2), scheduling the secured debt of defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**.

29. On September 24, 2024, the debtor filed an amended, proposed Chapter 13 Plan (ECF # 24), listing an arrearage of $123,813.50 to be cured through the Chapter 13 Plan, based upon the debt figures claimed by defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and defendant **SELENE FINANCE LP**, in the Connecticut Superior Court.

30. A mortgage statement dated September 07, 2024 and received by the debtor from defendant **SELENE FINANCE LP**, reflects a "Past Due Arrearage" of $191,687.73, substantially higher than the arrearage claimed in the state court action.

31. Furthermore, at some point of time between April 2015 and September 2025, defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or

defendant **SELENE FINANCE LP** impermissibly and in breach of the terms of the loan modification agreement, capitalized the non-interest-bearing deferred balance into the interest-bearing principal balance, thus impermissibly increasing the interest-bearing principal balance by $53,600.00.

32. Since said date and time, defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or defendant **SELENE FINANCE LP** have been and continue to impermissibly and unlawfully charge the debtor interest on a higher interest-bearing principal balance than is permitted by the terms of the Note.

33. Said conduct by defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or defendant **SELENE FINANCE LP** has and continues to artificially, impermissibly, and/or unlawfully inflate the value of the claim against the property of the bankruptcy estate.

34. Said impermissibly, artificially, and/or unlawfully inflated claim against the property of the bankruptcy estate prevents the debtor from confirming and/or performing upon a Chapter 13 plan, by impermissibly increasing the amount of plan payments.

35. The debtor seeks a determination by the Bankruptcy Court of the validity, priority, and extent of the prepetition secured claim of defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**.

COUNT TWO: *Valuation and Determination of Secured Status* (11 U.S.C. § 506(a))

36. Paragraphs 1 through 35 are hereby incorporated by reference into this Count as if fully recited and restated herein.

37. On August 26, 2024, the debtor filed his Schedules of Assets and Liabilities (ECF # 2), scheduling the debtor's real property at 9 N Bank St., New Haven, Connecticut, with an estimated value of $800,000.00.

38. Said estimated value is based upon an appraisal obtained and filed in the state court action, based only upon the appraiser's view of the property from the street.

39. Said appraisal did not include a walk-through of the property, including the incomplete 3-story addition to the rear of the house, which negatively effects the estimated value of the property.

40. Said appraisal further failed to consider that the incomplete 3-story addition to the rear of the house, which more than doubles the square footage of the property, is unpermitted, nonconforming, and does not have a certificate of occupancy from the City of New Haven, and therefore is uninhabitable, which negatively effects the estimated value of the property.

41. Said appraisal further failed to consider the cloud on the title to the property caused by the City of New Haven recording multiple letters on the land records of the City of New Haven, alleging numerous instances of unpermitted construction work and alleged building code violations, which further negatively effects the estimated value of the property.

42. Pursuant to 11 U.S.C. § 506(a)(1):

> **An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in**

> such property… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

43. The debtor is entitled to a judicial determination of the value of its assets to ascertain whether some or all of the claims against said assets are secured or unsecured for purposes of seeking a judicial determination as to validity and extent of liens asserted by alleged secured creditors.

44. Therefore, the Plaintiff seeks a determination as to the value of the real property located 9 N Bank St., New Haven, Connecticut.

<u>COUNT THREE</u>: *Disallowance of Liens and Secured Status* (11 U.S.C. § 506(d))

45. Paragraphs 1 through 44 are hereby incorporated by reference into this Count as if fully recited and restated herein.

46. Subject to exceptions not applicable here, pursuant to 11 U.S.C. § 506(d), "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…."

47. The secured claim of defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** is fully secured by the real property at 9 N Bank Street, New Haven, Connecticut.

48. The allegedly secured claim of defendant **DISCOVER BANK** is subordinate to that claim.

49. After subtracting the first-priority claim from the value of the property to be judicially determined in accordance with *Count Two*, any subordinate claims may impede the debtors homestead exemption under Connecticut law, and therefore will be fully unsecured or only partially secured to the extent of the claim balance that is not encumbering property of the estate.

50. A lien on property of the estate is treated as a secured claim only to the extent that there is equity available in the collateral to support the claim.

51. The claim is treated as an unsecured claim to the extent that the outstanding liability exceeds the available equity in the collateral. 11 U.S.C. § 506(d).

52. Moreover, to the extent that a lien on estate property is not supported by equity in the collateral, the lien is void, with exceptions not pertinent here. *Id.*

53. Accordingly, the claim of defendant **DISCOVER BANK** should be treated as unsecured or only partially secured, to the extent that the claim balance is not supported by equity in the property of the estate exceeding the balance of superior claims and any lawful exemptions.

54. Therefore, the Court should enter an order:

   a. Bifurcating the claim of defendant **DISCOVER BANK**; and/or,

   b. Vacating and voiding the lien and encumbrances of defendant **DISCOVER BANK**, to the extent that the claim is unsecured.

COUNT FOUR: *Common Law Unjust Enrichment*

55. Paragraphs 1 through 54 are hereby incorporated by reference into this Count as if fully recited and restated herein.

56. For some time beginning after April 2015 and through to the present time, defendants **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or defendant **SELENE FINANCE LP** have been and continue to impermissibly and unlawfully charge the debtor interest on a higher interest-bearing principal balance than is permitted by the terms of the Note.

57. Said conduct by defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or defendant **SELENE FINANCE LP** has and continues to cause the monthly interest charges on the Note to be higher than permitted under the terms of the Note, resulting in the debtor being overcharged for interest each and every month since that time.

58. Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or defendant **SELENE FINANCE LP** have been and will continue to be unjustly enriched by virtue of the interest overcharge, to the debtor's detriment.

59. The debtor is entitled to compensatory damages or a set-off, pursuant to 11 U.S.C. § 553, for the amount of the unjust enrichment.

<u>COUNT FIVE</u>: *Violation of Connecticut's Unfair Trade Practices Act* (C.G.S. §§ 42-110a *et seq.*)

60. Paragraphs 1 through 59 are hereby incorporated by reference into this Count as if fully recited and restated herein.

61. Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2**

**ACQUISITION TRUST** conducts "trade or commerce" within the State of Connecticut.

62. Defendant **SELENE FINANCE LP** conducts "trade or commerce" within the State of Connecticut.

63. The debtor and the property of the estate are located within the State of Connecticut.

64. The acts and conduct herein complained of took place and are taking place within the State of Connecticut.

65. The Connecticut Unfair Trade Practices Act ("CUTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." *Conn. Gen. Stat.* § 42-110b(a).

66. The CUTPA definition of "trade or commerce" includes

> **the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real or personal or mixed, and any other article, commodity, or thing of value in this state.**

*Conn. Gen. Stat*. § 42-110a.

67. "A violation of CUTPA may be established by showing either an actual deceptive practice… or a practice amounting to a violation of public policy." *Web Press Servs. Corp. v. New London Motors, Inc.*, 203 Conn. 342, 355 (1987). It is not necessary for a defendant to have intent or knowledge to find it violated CUTPA. *See Web Press Servs. Corp.,* 203 Conn. at 362–63.

68. In determining whether a practice is unfair and violates CUTPA, Connecticut courts examine:

> **(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors, or other businesspersons… . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.**

*Walker v. Peoples United Bank*, 305 F.Supp.3d 365, 380–81 (D. Conn. 2018) (quoting *Ulbrich v. Groth*, 310 Conn. 375, 409, 78 A.3d 76 (2013).

69. The defendant must have engaged in a prohibited act and the plaintiff must have suffered an injury as a result of it. *Abrahams v. Young & Rubicam, Inc.*, 240 Conn. 300, 306, 692 A.2d 709 (1997).

70. "Under Connecticut law, punitive damages may be awarded on a CUTPA claim if the evidence 'reveal[s] a reckless indifference to the rights of others or an intentional and wanton violation of those rights.'" *Fabri v. United Technologies International, Inc.*, 387 F.3d 109, 124 (2d Cir. 2004) (quoting *Gargano v. Heyman*, 203 Conn. 616, A.2d 1343, 1347 (1987)).

71. Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and/or Defendant **SELENE FINANCE LP** engaged in and continue to engage in the following acts and practices:

    a. capitalized the non-interest-bearing deferred balance under the Note into the interest-bearing principal balance, which is not permitted under the terms of the Note;

    b. charging monthly interest on the total balance, including the non-interest-bearing deferred balance, in violation of the terms of the Note; and/or,

    c. demanding of the debtor and the property of the estate, and engaging in acts and action to secure payment of the interest charges on the non-interest-bearing deferred balance, in violation of the terms of the Note.

72. Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST** and Defendant **SELENE FINANCE LP** engaged in and continue to engage in these acts or practices with reckless indifference to the rights the debtor or with an intentional and wanton violation of those rights.

73. These acts or practices offend public policy and fall within a penumbra of established concepts of unfairness.

74. These acts or practices have caused and continue to cause substantial financial injury to the debtor.

75. Accordingly, the debtor is entitled to recover money and punitive damages pursuant to *Conn. Gen. Stat.* § 42-110(g)(a) and costs and attorneys fees pursuant to *Conn. Gen. Stat.* § 42-110(g)(d) for the benefit of the bankruptcy estate.

## V. STATEMENT CONCERNING ENTRY OF FINAL ORDERS OR JUDGMENT

Pursuant to *Fed. R. Bankr. P.* 7008, the Debtor hereby consents to entry of final orders or judgment by the Bankruptcy Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Respectfully Prays and Claims that this Honorable Court:

1. Enter a declaration and order setting the amount of Defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**'s secured claim, after deduction of the total interest charge, as set forth in *Count One*; and,

2. Enter a declaration and order setting forth the value of the real property located at 9 N Bank St., New Haven, Connecticut, as set forth in *Count Two*; and,

3. Enter a declaration and order bifurcating and/or voiding the liens of defendant **DISCOVER BANK**, as set forth in *Count Three*; and,

4. Award compensatory damages against or set-off, pursuant to 11 U.S.C. § 553, the secured claim of defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**, as set forth in *Count Four*; and,

5. Award compensatory damages and punitive damages pursuant to *Conn. Gen. Stat.* § 42-110(g)(a) and costs and attorneys fees pursuant to *Conn. Gen. Stat.* § 42-110(g)(d) against defendant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2**

ACQUISITION TRUST** and defendant **SELENE FINANCE LP**, as set forth in *Count Five*; and,

6. Afford the debtor such other and further relief as this Honorable Court may deem to be just, proper, and equitable.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF, MICHAEL HENRY LOTTO,
BY HIS ATTORNEY,

_____
**MICHAEL J. HABIB, ESQ.** (CT29402)
Willcutts & Habib LLC
100 Pearl St., Fl. 14
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
e-Mail: Mike@InzitariLawOffice.com

- 16 -