UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE NO. 24-30774 |
| MICHAEL HENRY LOTTO ) | CHAPTER 13 |
| DEBTOR ) | |

## JOANNA CIAFONE'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM 10-1

Joanna Ciafone, by and through her attorney, Steven R. Smart, hereby files her response to Debtor Michael Henry Lotto's objection as follows:

1. On or about August 24, 2024, Michael Henry Lotto ("Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

2. On October 28, 2024, Joanna Ciafone ("Ciafone") filed her proof of claim (Claim No. 10-1) for $13,899.25, which represents the money she paid to a veterinarian as a result of an attack by Debtor's dog.

3. On October 31, 2024, Debtor filed his objection to Ciafone's proof of claim on the basis that he "categorically and unequivocally denies" the allegations in the state court action, which form the basis of Ciafone's claim and "denies and disputes any and all liability for any portion of the claim," which is currently the subject of litigation in the Connecticut Superior Court that was stayed by Debtor's bankruptcy filing.

**LEGAL STANDARD**

4. Under Fed. R. Bankr. P. 3001(f) "A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount."

1

5. A properly filed proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim.... To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir.B.A.P. 2000).

6. If Debtor does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." (Citation omitted.) In re Residential Cap., LLC, No. 12-12020 (MG), 2015 WL 588359, at *6 (Bankr. S.D.N.Y. Feb. 11, 2015).

7. However, "the burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." (Citation omitted; internal quotation omitted.) In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom*. Peter J. Solomon Co., L.P. v. Oneida Ltd., No. 09 CIV. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010)

**ARGUMENT**

8. Because Debtor did not introduce evidence as to the invalidity of Ciafone's claim, this Court should overrule Debtor's objection. However, should this Court determine that Debtor met his burden, Ciafone submits additional evidence that demonstrates the validity of her claim.

9. Connecticut recognizes strict liability for any damage done to the body or property of another person under C.G.S.A. § 22-357(b), which provides in relevant part:

> "If any dog does any damage to either the body or property of any person, the owner, keeper, or both, shall be liable for the amount of such damage,

2

      except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

10. "Thus, to establish liability under the dog bite statute, a plaintiff need only establish that a defendant was the owner or keeper of the dog that caused the injury and that the plaintiff was not within any of the exceptions of the statute (e.g., was a trespasser or was teasing the dog)." (Citation omitted.) In re Persechino, 423 B.R. 1, 4 (Bankr. D. Conn. 2010).

11. Ciafone owns "Chiqui," a small chihuahua, and was walking him on a public sidewalk near the Debtor's house, as stated in her Complaint attached to her proof of claim.

12. During her walk, an unleashed grey and white pitbull ran at Chiqui and attacked, causing the damages Ciafone incurred through Chiqui's veterinarian bills.

13. Shortly after Ciafone's dog "Chiqui" was attacked, the New Haven Police Department arrived and created an incident report. A true and accurate copy of the incident report is attached as Exhibit 1.

14. During the investigation, the police officer heard from multiple neighbors on the scene who recognized that the "mostly grey with white pitbull" that attacked Chiqui lives at 9 North Bank Street, the real property Debtor owns. *See Exhibit 1*.

15. In Debtor's answer attached to his objection, Debtor admits that he "owns, maintains, possesses, and/or keep[s] a grey and white dog at [9 North Bank Street]" and at least "some of those dogs, which may include the grey and white dog, are the previous subjects of a civil action under C.G.S.A. 22-357" and "were or are currently subject to animal restraint orders by New Haven Animal Control." *See Debtor's Exhibit B, ¶ 4-6.*

3

16. Debtor may deny that his grey and white pitbull called "Hope" caused damage to Ciafone's property, but he owns several grey and white pitbulls.

17. Debtor owned "Hope," "Junior," "Smoke," and "Seven," each a grey and white pitbull that was subject to prior animal restraint orders, which orders Debtor initially appealed. A true and accurate copy of the Debtor's appeal of the animal restraint orders is attached as Exhibit 2.

18. Debtor did not introduce any evidence that would refute Ciafone's allegations giving rise to the claim, nor did Debtor submit any evidence that Ciafone's conduct fell within an exception to the statute.

WHEREFORE, Ciafone respectfully requests that this Honorable Court overrule Debtor's objection to Proof of Claim 10-1 and for any other relief that this Court deems just.

        Joanna Ciafone,
        By Her Attorney,

        /s/ Steven R. Smart
        Steven R. Smart, CT Bar No. 03504
        Attorney for Creditor
        SMART LAW GROUP, P.C.
        108 Mill Plain Road, Suite 222
        Danbury, CT 06811
        Telephone: (203) 748-9259
        Facsimile: (203) 796-7584
        Email: ssmart@smartlawgrp.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-30774 |
| MICHAEL HENRY LOTTO | ) | CHAPTER 13 |
| DEBTOR | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that the Response to Objection to Debtor's Objection to Proof of Claim #10-1 was served upon the following parties by causing true and correct copies of the same to be sent via electronic notice or via first class mail postage pre-paid, as indicated, on December 2, 2024:

Via Electronic Notice:

Office of the U.S. Trustee U.S. Trustee
Giaimo Federal Building
150 Court Street, Room
302 New Haven, CT 06510

Roberta Napolitano, Esq. Trustee
10 Columbus Boulevard Ste 6th Floor
Hartford, CT 06106

Michael J. Habib, Esq.
Counsel to the Debtor(s)
Willcutts & Habib LLC
100 Pearl St. Ste Flr. 14
Hartford, CT 06103-4500
mike@inzitarilawoffice.com

Brock and Scott, PLLC
Attorneys at Law
3825 Forrestgate Dr.
Winston-Salem, NC 27103
newenglandBKR@brockandscott.com

Via First Class Mail:

Michael Henry Lotto
9 N Bank Street
New Haven, CT 06511-2519

/s/ Steven R. Smart
Steven R. Smart, CT Bar No. 03504
Attorney for Creditor
SMART LAW GROUP, P.C.
108 Mill Plain Road, Suite 222
Danbury, CT 06811
Telephone: (203) 748-9259
Facsimile: (203) 796-7584
Email: ssmart@smartlawgrp.com