## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| MICHAEL HENRY LOTTO, | : | Case No. 24-30774 (AMN) |
| | : | |
| Debtor | : | |
| | : | |
| U.S. BANK TRUST NATIONAL | : | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | : | |
| CAPACITY BUT SOLELY AS OWNER | : | |
| TRUSTEE FOR RCF 2 ACQUISITION TRUST, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HENRY LOTTO, | : | |
| | : | |
| Respondent. | : | |
| ------------------------------------------------------------ | : | |

### <u>OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**COMES NOW**, the debtor in the above-captioned action, **MICHAEL HENRY LOTTO**, by and through undersigned Counsel, and hereby Respectfully **OBJECTS** to Creditor-Movant **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**'s (hereinafter, "U.S. Bank") *Motion for Relief from Automatic Stay*.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 1 -

In support of this Objection, the Debtor, through undersigned Counsel, states as follows:

### JURISDICTION

1. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a 'core proceeding' under 28 U.S.C. § 157(b)(2)(G).

3. The Debtor resides in the City of New Haven, New Haven County, State of Connecticut, and the Debtor does not constitute a "single asset real estate" as that term is defined in 11 U.S.C. § 101.

4. Venue of the Debtor's Chapter 13 case and this matter in this District is proper pursuant to 28 U.S.C. §§ 1408 & 1409, as the Debtor resides in this District and has resided in this District for more than 180 days prior to the date of filing, and the subject real property is located within this District.

### PRELIMINARY STATEMENTS

5. The Debtor commenced this action by the filing of a Chapter 13 petition on August 24, 2024, and Roberta Napolitano was appointed Chapter 13 Trustee.

6. Movant U.S. Bank brings a *Motion for Relief from Automatic Stay* pursuant to 11 U.S.C. §362, to foreclose a security interest created by virtue of an Open-End Mortgage Deed dated June 12, 2003, and recorded upon the Land Records of the City of New Haven, in the County of New Haven, at Volume 6460, Pages 148–64.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

7. Said Open-End Mortgage Deed secures an interest in the property located at and known as 9 North Bank Street in New Haven, and more particularly described as follows:

> **All that certain piece or parcel of land, with the buildings and improvements thereon situated, in the Town of New Haven, County of New Haven and State of Connecticut, and known as No. 9-11 North Bank Street, bounded:**
>
> **Southerly:  by North Bank Street, 40 feet;**
>
> **Westerly:   by land now or formerly of Joseph Lawrence, 125 feet, more or less;**
>
> **Northerly:  by land now or formerly of James H. Woodhouse, 40 feet;**
>
> **Easterly:   by land now or formerly of John Pyrdol, 125 feet, more or less.**

8. The real property is a 3-story residence with a 4-story addition, consisting of six *en suite* bedrooms with connected private bathrooms, one of which is occupied by the Debtor as his primary residence and homestead, and the remainder of which are rented to tenants.

9. According to Debtor's Schedules, the value of the property is approximately $800,000.00, a valuation which is disputed.

10. Creditor-Movant U.S. Bank claims a secured interest in the property consisting of a pre-petition arrearage of $191,687.73 and a principal balance of $272,363.17, both of which are disputed by the Debtor.

11. The underlying mortgage note was modified in 2011, which modification is recorded on the land records of the City of New Haven at Volume 8782, Pages 113-22.

12. On November 21, 2024, the Debtor filed an Adversary Proceeding against Creditor-Movant U.S. Bank in order to determine the validity, priority or extent of Creditor-Movant



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

U.S. Bank's lien, to determine the true value of the subject real property, and alleging other common law and state law claims against Creditor-Movant U.S. Bank.

### LEGAL BASIS FOR OBJECTION

#### A. THE AUTOMATIC STAY IS A FUNDAMENTAL BANKRUPTCY PROTECTION

Section 362(a)(1) of the Bankruptcy Code states, in pertinent part,

> **(a) … [A] petition filed under section 301, 302 or 303 of this title… operates as a stay, applicable to all entities, of –**
>
> > **(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.**

11 U.S.C. §362(a)(1). The automatic stay affords the debtor fundamental protections. *See Midatlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code… has been described as one of the fundamental debtor protections provided by the bankruptcy laws.").

The far-reaching protection of the automatic stay includes all matters that may have an effect on a debtor's estate and is designed to relieve "the financial pressures that drove [the debtor] into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6297; *Official Committee of Unsecured Creditors v. PSS Steamship Co.*, 114 B.R. 27, 29 (Bankr. S.D.N.Y. 1989).

The automatic stay "is necessary to exclude any interference by the acts of others or by proceedings in other courts." *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

47, 53 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977).

### B. THE MOVANT HAS THE BURDEN OF ESTABLISHING CAUSE

Section 362(d) of the *Bankruptcy Code* provides that a party may be entitled to relief from the automatic stay under certain, very limited circumstances. Relief from the automatic stay may only be granted where the party seeking relief can demonstrate "cause":

> **(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –**
>
> > **(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;**

11 U.S.C. §362(d)(1). The *Bankruptcy Code* does not define "cause;" however, this circuit has held that in examining whether cause exists courts "must consider [the] particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

In determining what is just to all parties in interest, courts in this circuit follow the seminal decision of *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990). *See, e.g., Mazzeo v. Lenhart*, 167 F.3d 139, 143 (2d Cir. 1999). The *Sonnax* Court outlined twelve factors to considered when deciding whether to lift the stay, only some of which are relevant to the case at bar:

> **(1) whether relief would result in a partial or complete resolution of the issues;**
>
> **(2) lack of any connection with or interference with the bankruptcy case;**
>
> **(3) whether the other proceeding involves the debtor as a fiduciary;**



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

(4) **whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;**

(5) **whether the debtor's insurer has assumed full responsibility for defending it;**

(6) **whether the action primarily involves third parties;**

(7) **whether litigation in another forum would prejudice the interests of other creditors;**

(8) **whether the judgment claim arising from the other action is subject to equitable subordination;**

(9) **whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;**

(10) **the interests of judicial economy and the expeditious and economical resolution of litigation;**

(11) **whether the parties are ready for trial in the other proceeding; and**

(12) **impact of the stay on the parties and the balance of harms.**

*Sonnax*, 907 F.2d at 1286 (*citing In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D.Utah 1984). Only those factors relevant to a particular case need be considered and the court need not assign them equal weight. *See In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

<u>**ARGUMENT**</u>

The Debtor **MICHAEL HENRY LOTTO** respectfully objects to Creditor-Movant's *Motion for Relief from Automatic Stay*.

### A. DEBTOR'S GOOD FAITH DISPUTE OF THE AMOUNT OF THE DEBT OWED TO CREDITOR-MOVANT AND THE VALUE OF THE SECURED INTEREST

The Creditor-Movant claims that the Debtor owes a principal balance of $272,363.17 and a pre-petition arrearage of $191,687.73. The Debtor disputes these figures, and has commenced an adversarial proceeding against the Creditor-Movant to determine the true value of U.S. Bank's claim.



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 6 -

In December 2011, the debtor executed a mortgage loan modification under the Home Affordable Modification Program (HAMP), pursuant to which the outstanding principal balance on the Note was adjusted to $291,621.51, of which $53,600.00 is deferred <u>without</u> interest until November 2051, leaving an "Interest Bearing Principal Balance" of $238,021.51. Accordingly, in April 2015, the debtor received a mortgage statement from the prior owner/servicer, accurately reflecting an "Unpaid Principal Balance" of $220,792.47, a "Deferred Principal Balance" of $53,600.00. (**Exhibit A**).

Then, in September 2024, the debtor received a mortgage statement from Selene Finance, the current servicer of the mortgage loan for the Creditor-Movant, which reflects a "Deferred Balance" of $0.00 and an "Outstanding Principal Balance" of $272,363.17. Thus, Creditor-Movant U.S. Bank claims that the debtor owes $51,570.70 <u>more</u> in interest bearing principal on the Note than the debtor owed over 9 years prior, in April 2015. (**Exhibit B**).

Further, according to the Affidavit of Debt filed by the Creditor-Movant in the state court, as of November 27, 2023, the debtor owed a principal balance of $272,363.17, with an arrearage of $119,800.02, and interest accruing at a daily rate of $14.92. (**Exhibit C**). The debtor represents that November 28, 2023 through December 2, 2024 is a total of 370 days. With interest accruing at $14.92 per day, that is only an additional $5,520.40 in interest.

Thus, based on the Creditor-Movant's claim that the interest bearing principal balance is $51,570.70 <u>higher</u> today than it was over 9 years ago in April 2015, at some point between April 2015 and the present, the non-interest bearing "Deferred Principal Balance" of $53,600.00 which is not due until November 2051 according to the 2011 HAMP modification, was actually capitalized and added into the intertest bearing principal balance. As a result, the debtor has



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

been incurring excess interest charges on the non-interest bearing deferred balance for some time, the exact length of which is presently unknown.

### B. DEBTOR'S INCOME AND CASH FLOW

In accordance with the amounts reported on the debtor's *Schedule I*, the debtor's current monthly income consists of: $551.00 per-month in pension payments, $2,858.33 in rent collected from tenants, $291 in food stamps, and $2,050.00 in Social Security retirement benefits.

The debtor's Social Security retirement benefit should in-fact be $2,270.00 per-month. As disclosed on the debtor's *Schedule A/B*, the Social Security Administration is unlawfully and wrongfully withholding $220 per-month, and has been wrongfully and unlawfully withholding such amount per month since Jume 2024, and wrongfully withheld the debtor's entire Social Security payment of $2,270.00 for the month of May 2024.

The wrongful withholding stems from an alleged over-payment of $74,780.00 in Social Security <u>disability</u> payments that the debtor was previously collecting, which the Social Security Administration assessed against the debtor on January 17, 2012. However, the debtor previously filed for relief under Chapter 7 of Title 11 of the U.S. Code on June 2, 2015 (Docket No. 15-30918). The over-payment debt owed to the Social Security Administration was duly listed on the debtor's *Schedules* in that bankruptcy, and the Social Security Administration received notice of the debtor's filing at that time according to law. The debtor received a discharge under 11 U.S.C. § 727 on December 10, 2015.

Further, while the alleged over-payment assessed by the Social Security Administration were for disability payments, the debtor's current Social Security income is retirement payments. Thus, the Social Security Administration is not entitled to the equitable recoupment exception to



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 8 -

the bankruptcy discharge injunction, as the present payments and the overpayment do not arise from the same transaction.

As a result, the debt owed to the Social Security Administration was discharged in bankruptcy back in December 2015. The Social Security Administration's withholding of the debtor's entire May 2024 payment and withholding of $220 per-month, each month since June 2024, is unlawful and flagrant violation of the debtor's discharge injunction. As of this date, the debtor is still attempting to rectify this improper and unlawful withholding.

### C. THE CREDITOR-MOVANT'S INFLATED CLAIM PREVENTS A WORKABLE CHAPTER 13 PLAN

As stated above in *Subsection A*, *supra*, the Creditor-Movant's claim that the Debtor owes a principal balance of $272,363.17 and a pre-petition arrearage of $191,687.73, appears to be grossly inflated. At some point, the Creditor-Movant capitalized the $53,600.00 non-interest-bearing deferred balance that was not supposed to be due until November 2051, and the Creditor-Movant has been charging interest on that balance since that time. These excess interest charges on the deferred balance have the deleterious effect both increasing the debtor's monthly mortgage payment in both principal and interest, as well as inflating the pre-petition arrearage by the excess amount charged each and every month since the Creditor-Movant capitalized the deferred balance.

As a result of the capitalization of the non-interest-bearing deferred balance, the debtor's post-petition monthly mortgage payments of principal and interest that the Creditor-Movant is demanding, are higher than they ought to be. Likewise, the effect of the capitalization of the non-interest-bearing deferred balance similarly taints the pre-petition arrearage alleged by the Creditor-Movant, as the arrearage is also inflated by the excess



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

principal and interest charge for each month pre-petition in which the debtor was unable to make the monthly payment.

Because the pre-petition arrearage must be paid over the course of 60-months, the excess charges included in the arrearage dramatically increase the debtor's projected monthly plan payment to a level outside of the debtor's means based upon his income. Furthermore, the discrepancy between the debtor's calculation of the pre-petition arrearage and the Creditor-Movant's claimed pre-petition arrearage, is approximately $66,000.00. Over the 60 months anticipated in a Chapter 13 plan, the discrepancy in the arrearage amounts to an additional $1,000+ per-month in Chapter 13 plan payments.

### D. THE CREDITOR-MOVANT FAILS TO SHOW "CAUSE" TO TERMINATE THE AUTOMATIC STAY

As elucidated above in *Subsection C*, *supra*, it is because of the significant discrepancies in the balance owed, and the correlative significant increases in both the debtor's monthly (maintenance) mortgage payment and the debtor's anticipated Chapter 13 plan payment, that the Debtor has been unable to make the payments in a meaningful way since the petition date. This is exactly the reason why the debtor has filed an adversarial proceeding against the Creditor-Movant, to determine the actual amounts due so that the debtor can make his monthly maintenance payments and plan payments, within the debtor's financial means.

Furthermore, there is a significant equity cushion in the real property securing the Creditor-Movant's debt and therefore the Creditor-Movant has more than adequate protection. The debtor's attempt to a determination of the actual debt owed the Creditor-Movant, by filing the aforementioned adversary proceeding, evidences the debtor's genuine and good-faith attempt to reach a workable plan that will both pay the arrearage and ensure adequate monthly



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

maintenance payments going forward.

Finally, Pursuant to Section 19 of the debtor's *Open-End Mortgage Deed*, the debtor has the right to reinstate the mortgage loan, after default and/or acceleration of the debt, by paying to Creditor-Movant the delinquent payments due as if there was no acceleration of the debt, and payment of expenses incurred to enforce the Note and Mortgage, inclusive of attorney's fees and filing fees.

Further, pursuant to Section 14 of the Open-End Mortgage Deed, Debtor is liable for all of Creditor-Movant's costs, expenses, and attorney's fees incurred enforcing the Note and Mortgage. Thus, should this Honorable Court grant the Creditor-Movant relief from the automatic stay, the debtor will immediately begin to incur costs, expenses, and attorney's fees associated with Creditor-Movant's collection attempts. The debtor will both be responsible for the fees and costs incurred by the Creditor-Movant, but also of the debtor's own costs, expenses, and attorney's fees related to the state-court litigation, and the Committee fees associated with a foreclosure by sale.

Such costs, expenses, and fees which Debtor will be liable for will likely directly burden the Debtor's Bankruptcy Estate. Courts have previously held that if the Bankruptcy Estate will be burdened by lifting the automatic stay, then it should not be lifted. *See Royal Ins. Co. of Am. v. McCrory Corp.*, 1996 U.S. Dist. LEXIS 5552 at *7 (Bankr. S.D.N.Y. Apr. 25, 1996) (stating that only if the bankruptcy court determined there would be no burden on the estate should the stay be lifted so that appellants may prosecute their claims against debtor's insurer); *In re: Columbia Gas Transmission Corp.*, 219 B.R. 716 (Bankr. S.D. W. Va. 1998). Courts have also held that where the debtor will bear the costs of litigation, the case should not be allowed to

Willcutts & Habib LLC
100 Pearl St., 14th Flr.
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
Firm Juris No. 440514

- 11 -

proceed.  *See, e.g., DePippo v. Kmart Corp.*, 335 B.R. 290, 298 (S.D.N.Y. 2005); *Houston v. Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993); *In re: Jet Fla. Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989); *Columbia Gas*, 219 B.R. at 716.

The Creditor-Movant's collection actions and foreclosure, and Debtor's costs of defending such claims and those costs Debtor will be liable for, clearly expose Debtor to direct expenses. (*See Sonnax* factor 7, *supra*.)  Further, foreclosure actions in Connecticut follow the same docketing schedule as other civil actions, and thus foreclosures are often pending for several years. (*See Sonnax* factors 2, 10, & 11, *supra*.)  As such, allowing Creditor-Movant's claim to proceed at this time would impose a significant burden on the resources of Debtor and thus the automatic stay should not be lifted. (*See Sonnax* factor 12, *supra*.)

## PRAYER FOR RELIEF

**WHEREFOR**E, for the foregoing reasons, the Creditor-Movant has failed to demonstrate 'cause' to terminate the automatic stay pursuant to 11 U.S.C. §362.  The Creditor-Movant's *Motion to Terminate Automatic Stay* should therefore by **DENIED**.

RESPECTFULLY SUBMITTED,
THE DEBTOR,
MICHAEL HENRY LOTTO,
BY HIS ATTORNEY,


MICHAEL J. HABIB, ESQ. (CT29412)
Willcutts & Habib, LLC
100 Pearl St., Fl. 14
Hartford, CT 06103-4500
Tel: (860) 249-7071
Fax: (860) 863-4625
E-Mail: Mike@InzitariLawOffice.com

WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

- 12 -

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

---

| | |
|---|---|
| In re: | :     Chapter 13 |
| | : |
| MICHAEL HENRY LOTTO, | :     Case No. 24-30774 (AMN) |
| | : |
| Debtor | : |

---

| | |
|---|---|
| U.S. BANK TRUST NATIONAL | : |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | : |
| CAPACITY BUT SOLELY AS OWNER | : |
| TRUSTEE FOR RCF 2 ACQUISITION TRUST, | : |
| | : |
| Movant, | : |
| | : |
| v. | : |
| | : |
| MICHAEL HENRY LOTTO, | : |
| | : |
| Respondent. | : |

------------------------------------------------------------ :

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Bankr. P.* 7004–05, 9013, & 9036, and *D. Conn. LBR* 9013-1, I hereby certify that on **DECEMBER 13, 2024**, a copy of the enclosed **OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY and accompanying Exhibits A-C** were served via U.S.P.S. First-Class Mail, postage pre-paid, as specifically follows:

**LINDA J. ST. PIERRE**
McCalla Raymer Leibert Pierce, LLC
280 Trumbull St.,  23rd Floor
Hartford, CT 06103

Parties may also access this filing through the Court's CM/ECF System.

Dated at **NEW HAVEN, CONNECTICUT** this **13th** day of **DECEMBER**, 2024.

WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514

**MICHAEL J. HABIB, ESQ.** (CT29412)



WILLCUTTS & HABIB LLC
100 PEARL ST., 14TH FLR.
HARTFORD, CT 06103-4500
TEL: (860) 249-7071
FAX: (860) 863-4625
FIRM JURIS NO. 440514